## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH PIERRE-CHARLES, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CONSUMER PORTFOLIO SERVICES, INC. <br> Defendant. | Civil Action No.: <br> 3:17-cv-10025-BRM-DEA <br><br><br> [PROPOSED] <br> **ORDER GRANTING FINAL APPROVAL** <br> **OF CLASS ACTION SETTLEMENT** |

**THIS MATTER** presented for hearing before the Honorable Douglas E. Arpert, U.S.M.J. United States Magistrate District Judge, at a Fairness Hearing to determine to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Interim Class Counsel's application for an award of attorneys' fees and costs, and to consider the service award to the Plaintiff; and the Plaintiff and Settlement Class members being represented by Interim Class Counsel and Defendant being represented by its attorneys;

AND THE COURT, having read and considered the Settlement Agreement and the papers filed by Interim Class Counsel, having reviewed and considered Plaintiff's brief and the declarations submitted in support of the application, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

**THE COURT** hereby finds as follows:

1.    This litigation was commenced against Defendant, Consumer Portfolio Services, Inc. (the "Defendant" or "CPSI") in the Superior Court of New Jersey, Law Division, Mercer County, and removed to this Court by the Defendant.

2.      In her class action Complaint, Plaintiff alleged that Defendant engaged in commercially unreasonable practices in connection with the repossession and disposition of collateral vehicles, and the fees paid in connection with the recovery of personal property located in those same collateral vehicles, and that these practices violated the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1, *et seq*. and the New Jersey Uniform Commercial Code ("UCC") N.J.S.A. § 12A:9-102, *et seq*.

3.      Defendant denies the allegations in the Litigation, as well as any wrongdoing and/or liability arising out of Plaintiff's claims in the Litigation.

4.      The parties entered into extensive arms-length negotiations, ultimately resulting in the execution of a class action settlement.

5.      Plaintiff and her counsel have determined that the terms of the settlement, as expressed in the Settlement Agreement, are adequate, fair, and reasonable and in the best interest of the proposed Settlement Class.

6.      A copy of the executed Settlement Agreement has been filed as ECF Document 66-1, pages 13-62.

7.      The Settlement Agreement defines the Settlement Class as:

All consumer obligors whose vehicles were involuntarily repossessed[1] subject to a CPSI security interest in a retail installment sales contract (the "**RISC**") where: (a) according to Defendant's records, the vehicle was involuntarily repossessed in the State of New Jersey; and (b) the vehicle was subsequently disposed of resulting in a deficiency balance (the

---

[1]      The term "**involuntarily repossessed**" is defined as taking possession of the vehicle subject to a CPSI security interest without consent of any consumer obligor. However, the term "involuntarily repossessed" shall not be defined as including the recovery of a consumer obligor's vehicle subsequent to the vehicle being impounded, or the recovery of a consumer obligor's vehicle which was subject to a pending insurance claim due to damage to the vehicle.

Note: beginning

"**Deficiency Balance**")[2] as reflected on CPSI's records; and (c) where the involuntary repossession occurred after September 19, 2013 and prior to:

(i) November 6, 2017 (if the vehicle was involuntarily repossessed pursuant to a contract between CPSI and American Recovery Service, a Patrick K. Willis Company); or

(ii) February 1, 2018 (if the vehicle was involuntarily repossessed pursuant to a contract between CPSI and ALS Resolvion LLC); or

(iii) February 8, 2018 (if the vehicle was involuntarily repossessed pursuant to a contract between CPSI and any other vendor).

Defendant has represented that approximately 1061 accounts (representing approximately 1197 people) meet this definition.

8.    The Settlement Class shall not include, and shall expressly, and specifically exclude all consumer obligors under any RISC where one or both co-obligors are within any one of the following categories:

(a) the RISC was the subject of litigation that ended in a judgment in favor of CPSI as of September 1, 2019; or

(b) any consumer obligor under the RISC received a discharge in bankruptcy after the date of involuntary repossession and prior to the date of Front End Approval of the proposed settlement by the Court (the "**Front End Approval**"); or

(c) any consumer obligor under the RISC is a debtor in an active bankruptcy proceeding at the date of  the Front End Approval;

(d) any consumer obligor under the RISC previously executed a general release of all claims that would include the claims in favor of CPSI; or

f) any person who is otherwise a member of the Settlement Class in a transaction where there is a co-obligor where one of the co-obligors on the relevant account successfully excludes him or herself from the Settlement Class.

The exclusions under this paragraph would apply to all consumer obligors under the same RISC, including their heirs or assigns. Any individual consumer obligor who falls within the definition of the Settlement Class and who is not excluded under (a) through (d) above shall be defined as a "**Settlement Class Member**."

---

[2]    The term "**Deficiency Balance**" is defined as the balance due on the RISC after repossession and disposition of a vehicle, to include prior applicable credits, plus all accrued interest, and other fees and charges assessed by CSPI in accordance with the RISC.

9.     The Settlement Class shall not include, and shall expressly, and specifically exclude all Exclusions from the Settlement Class after Front End Approval Due to Bankruptcy:

Any Settlement Class Member who: (i) files for bankruptcy after the date of Front End Approval and the bankruptcy proceeding is active as of the date of final approval by the Court of certification of the Settlement Class under Federal Rules of Civil Procedure 23(a) and (b), finding the terms of the proposed settlement are fair, reasonable, and adequate ("**Final Approval**"); or (ii) who receives a discharge in bankruptcy proceeding after the date of Front End Approval and prior to the date of Final Approval shall be excluded as a member of the Settlement Class. The exclusion under this paragraph would apply to all consumer obligors under the same RISC.

Settlement Class Members who are excluded due to the bankruptcy exclusion defined here after Front End Approval and who were sent notification of the settlement after Front End Approval will subsequently be sent notification after Final Approval reflecting that they have been excluded from the Settlement Class.

10.     The Court has considered the benefits that the settlement will confer on the Settlement Class, which are:

For those Settlement Class Members whose Deficiency Balance has been satisfied, or with a remaining Deficiency Balance that has been marked for no further collections due to a lack of intent of Defendant to pursue collections and which accounts had been removed from collections,  Defendant will pay the obligors on the account the sum of $285.  Any Settlement Class Member whose Deficiency Balance is less than the sum of $285, will be paid the difference between $285 and the Deficiency Balance.

For those Settlement Class Members with a Deficiency Balance for which Defendant intended to collect, Defendant agrees to: (a) reduce the Deficiency Balance to zero;   (b) cease all collection efforts on that Settlement Class Member's account relating to a Deficiency Balance and  (c) take no future action to collect on the Deficiency Balance at any point in time including selling or otherwise transferring the account to another entity. This shall include Settlement Class Members whose RISC was the subject of litigation that ended in a judgment in favor of Defendant after September 1, 2019.

As to those Settlement Class Members against whom Defendant has obtained a judgment after September 1, 2019, Defendant will cause each such judgment to be vacated.

As to all Settlement Class Members, CPSI shall transmit electronically or by mail a request to the appropriate consumer credit reporting agency (the "CRAs") to which it reported, to delete any tradeline reported by CPSI.

11.     As to those Members of the Settlement Class that shall receive a cash payment, payment will automatically be directly mailed a check with no "claims made" process.  Funds from any uncashed checks shall be provided as a *cy pres* award to Legal Services of New Jersey (LSNJ) in Edison, New Jersey.

12.     Defendant has agreed to pay reasonable attorneys' fees and costs as part of this settlement.  Under the settlement, the amount of attorneys' fees was not discussed until after the parties reached agreement on the terms of relief due the Members of Settlement Class.  The parties ultimately reached an agreement whereby the Defendant would pay Class Counsel the amount of $185,000.00 for all attorneys' fees and costs, subject to Court approval.  The Court will consider Class Counsel's application for attorney's fees and costs as part of Final Approval process.

13.     Defendants have represented that they have complied with the provision in the Settlement Agreement regarding the service of the Notifications to appropriate officials as required by the Class Action Fairness Act ("CAFA") (28 U.S.C. §1332(d), §1715) within the required time period.

14.     On April 15, 2020, the Court entered an Order granting the parties joint application for front end approval or class action settlement to send Notice to the proposed Settlement Class under Rule 23(c)(2)(B); appoint Plaintiff's Counsel as Interim Counsel to represent the proposed Settlement Class pursuant to Rule 23(g)(3); to schedule a hearing; and to make a front end determination that the proposed Settlement is fair, reasonable, and adequate pursuant to Rule 23(e)(2).

15.     That Order was amended by a Consent Order entered by the Court on April 23, 2020.

16.     The Court appointed Atticus Administration, LLC to serve as the Settlement Administrator and to be responsible for administering the Settlement Notice according to the terms set forth in the Settlement Agreement and as Ordered herein.

17.     Pursuant to the Court's Orders, the Settlement Administrator effectuated the Notice plan, consisting of a website, direct mail, and a toll free phone number to answer frequently asked questions.

18.     No member of the Settlement Class has requested to be excluded from Settlement.

19.     The Court and Class Counsel have not received any objections to the Settlement.

20.     Plaintiff now requests final approval of the Settlement.

21.     The Court has considered the Settlement Agreement, the brief and declarations submitted in support of it, the accompanying documents and the record.

22.     The Court finds that the Settlement Class has satisfied the following prerequisites for class certification:

a.  The Settlement Class is so numerous that joinder of all members is impracticable.

b.  There are questions of law and fact common to the Settlement Class.

c.  The claims of the Class Representative are typical of the claims of the Settlement Class.

d.  The Class Representative has fairly and adequately represented the interests of the Settlement Class and that there are no conflicts of interest between the Class Representative and members of the Settlement Class.

e.  The Settlement Class's membership is readily ascertainable and has in fact been ascertained.

f.  The common issues of law and fact predominate over any questions affecting only individual members of the Settlement Class.

g.  Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the claims of Plaintiff and the Settlement Class.

23.     The Court has found that the Settlement was negotiated at arm's length.

24.    The Court has found that the relief provided to the Settlement Class is adequate, taking into account the following factors set forth in Rule 23(e)(2): (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class, which involves direct relief without Settlement Class Members having to submit claims; and (iii) the terms of the proposed award of attorney's fees, including timing of payment.

25.    The Court has determined that the Settlement treats Settlement Class Members equitably relative to each other.

26.    The Court therefore finds that the Settlement is fair, reasonable and adequate.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

27.    The Court has jurisdiction over the subject matter of this matter and over all parties hereto pursuant to 28 U.S.C. § 1332(d).

28.    The Settlement Class is certified in accordance with Federal Rule of Civil Procedure ("Rule") 23(a) and 23(b)(3).

29.    Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiff fairly and adequately represents and protects the interests of the Settlement Class and appoints her as Class Representative.

30.    The Court has considered:(i) the work performed by Interim Class counsel in identifying or investigating potential claims in the action; (ii) the experience of Interim Class Counsel in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) Interim Class Counsel's knowledge of the applicable law; and the resources that Interim Class Counsel have and will continue to commit to representing the class, the Court appoints Plaintiff's attorneys, Bharati O. Sharma and Andrew R. Wolf of The Wolf Law Firm,

LLC, and Christopher J. McGinn of The Law Office of Christopher J. McGinn as Interim Counsel to serve as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

31.     The application for Final Approval of the Settlement is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order. The terms of the Settlement Agreement are hereby approved, adopted, and incorporated by the Court in this Order.

32.     Each Settlement Class Member shall be bound by the provisions of the Settlement Agreement, without exceptions.

33.     The Settlement Administrator and the Parties shall implement the terms of the Settlement Agreement in the manner set forth in the Settlement Agreement.

34.     The Court approves the Defendant's payment to Plaintiff in the amount of $10,000 in recognition of her efforts on behalf of the Settlement Class and to settle her individual claims. The Defendant shall deliver her check in the manner prescribed in the Settlement Agreement within fourteen days of the date of this Order.

35.     The Court, after review of the time entries and rates and expenses requested by Class Counsel, and after applying the appropriate standards required by Rendine v. Pantzer, 141 N.J. 292 (1995), other relevant case law governing attorneys' fees awards and the factors set forth in R.P.C. 1.5(a), hereby grants Class Counsel's application for attorneys' fees and costs in the agreed-upon amount of $   185,000               . This amount includes all reasonable fees for time already spent and time to be spent, including finalizing the Settlement Agreement, preparing settlement documents, drafting briefs, attending hearings, and monitoring of the Settlement, conducting confirmatory discovery, and the costs and expenses incurred in the

matter.  The Defendant shall make this payment in the manner set forth in the Settlement Agreement within fourteen days of the date of this Order.

36.     The amount for attorneys' fees and costs is in addition to the settlement benefits each Settlement Class member will be receiving and is the sole property of Settlement Class Counsel, not Plaintiff or the Settlement Class. The Court finds that this award is fair and reasonable.

37.     Pursuant to the Settlement Agreement, the Plaintiff and each Settlement Class Member, have shall released and forever discharged CPSI and its related and predecessor companies and their past or present directors, officers, employees, partners, principals, agents, successors, assigns, reorganized successors, subsidiaries, divisions, parents, related or affiliated entities, underwriters, insurers, co-insurers, re-insurers, licensees, divisions, attorneys, and controlling shareholders from any and all "Released Claims."  "Released Claims" means all claims, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses, or liabilities of any kind, in law or in equity, for any relief, including monetary, statutory damage or statutory penalty, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, and all claims for any damages, damage to credit, penalties, attorneys' fees, costs, or expenses, whether known or unknown, alleged or not alleged, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or not, that concern, relate to, or arise out of any Settlement Class Member's RISC and vehicle repossessed pursuant to the relevant account, including, but not limited to any claims at common law tort or statutory claims of any type, whether arising from federal, state, or local law or

regulation which each Settlement Class Members has or may have had, or now has, from the beginning of time up through and including the date of this Order, against CPSI.

38.     The release of CPSI by each Settlement Class Member includes the release of CPSI's, authorized dealers, joint ventures, suppliers, sub-suppliers, CPSI's past and present third-party vendors, and any contractors engaged by CPSI or on CPSI's behalf to initiate, manage or perform the involuntary repossession of vehicles owned by the Settlement Class Members, but limited to claims related to the relevant CPSI vehicle loan accounts, and the repossession and disposition of the relevant collateral vehicles by or on behalf of CPSI.

39.     This Litigation and all the claims in the Litigation are dismissed on the merits and with prejudice.

40.     The Court retains exclusive and continuing jurisdiction of the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  July 21, 2020

                                s/Douglas E. Arpert
                            HONORABLE DOUGLAS E. ARPERT,
                            UNITED STATES MAGISTRATE JUDGE